Derbigny, J.
delivered the opinion of the court. The plaintiff and appellee is a woman of colour, who complains of having been arrested and imprisoned as a slave by the appellant, and sues him for damages, The fact of the arrest and imprisonment is admitted; but the defendant and appellant contends, that the plaintiff is the slave of Jean Pierre Metayer, whose attorney in fact he shews himself to be. The only question at issue between the parties is, whether the plaintiff is a free person or a slave. Jean Pierre Metayer has intervened in the suit; but, as that intervention changes not the situation of the case, there is no necessity to notice it.
It is admitted, on both sides, that the plaintiff once was the slave of Charles Metayer, the father of the person in whose behalf the defen- *567 dant caused her to be arrested. But the plaintiff maintains that she has been enfranchised by him. The evidence, however, which she has introduced in support of that allegation, is of such a nature that it would be nugatory to investigate it. One only circumstance deserves some notice; and that is, her enjoyment of her freedom during a number of years. It is in evidence that the plaintiff, ever since she left Cape Francois, in 1803, has lived as a free person, first at Baracoa, in the island of Cuba, and from the year 1809 at New-Orleans. A creditor of her late master caused her to be seized in 1810, as the property of his debtor; but a civil interruption of possession can take place only at the suit of the owner; and this interruption by the owner did not happen until some time in the year 1816, that is to say, after a possession of about thirteen years.
East'n District.
June, 1818.
By the laws of Spain, a slave can acquire his freedom by a possession of ten years, in the presence of his master, or of twenty years in his absence. It appears in this case that, during all the time that the plaintiff enjoyed her freedom, her master was absent. Thus, according to the Spanish laws, the possession of the plaintiff falls far short of the time required to prescribe.
Morel for the plaintiff, Moreau for the defendant.
It was doubted whether that disposition of the Spanish laws had not been repealed by the general provision introduced in our code concerning the prescription of slaves. But, it is believed that this article of our code is relative only to the acquisition of slaves by prescription, and cannot be construed to embrace the prescription of liberty by themselves.
We are, therefore, bound to say, that the plaintiff has not succeeded to prove her freedom, and that she cannot recover any damages for what she calls her unjust imprisonment and detention.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be reversed and that judgment be entered for the defendant.